Kendall *v.* Lewiston Water Power Co.

---

KENDALL & *al.* versus LEWISTON WATER POWER CO.

A submission to referees under the statute is one of the modes provided by law for the decision of causes.

The *course of proceedings* upon such a submission may be altered at the pleasure of the Legislature.

Such an alteration merely affects the remedy, without impairing the obligation of any contract.

Upon the abolishment of the District Court, awards, which had been made returnable to that Court, might rightfully be returned to this Court, at any term prior to the period limited in the submission.

---

Kendall *v.* Lewiston Water Power Co.

---

In making up judgment upon an award, interest on the amount awarded cannot be included.

On Exceptions from *Nisi Prius*, Shepley, C. J., presiding. Award of Referees.

The parties, on Feb'y 19, 1852, submitted their respective claims to arbitration, in the mode prescribed by R. S. c. 138, it being provided in the submission, that the award should be returned to the District Court by July 9, 1852.

The referees heard the parties in March, 1852. Their award, though headed " District Court, June term, 1852," was in fact presented May term, 1852, to this Court, who directed that it should remain with the clerk unopened until the October term. At the October term it was opened and, though objected to, the Court ordered that it be accepted.

To that order, the Lewiston Water Power Co. excepted.

*J. Goodenow,* in support of the exceptions.

This report being returnable to the late District Court, and not having been made to the Court within the time limited in the submission, this Court was not authorized to accept it. *Bowes* v. *French,* 2 Fairf. 182 ; *Kingly* v. *Bill,* 9 Mass. 198 ; *Sargent* v. *Hampden,* 29 Maine, 70 ; *Same* v. *Same,* 32 Maine, 78 ; *King* v. *Dedham Bank,* 15 Mass. 447 ; *Swift* v. *Luce,* 27 Maine, 285.

*T. A. D. Fessenden, contra.*

Wells, J. — The report of the referees must have been in fact made as early as the May term of this Court in 1852. The agreement of submission provided, that the report should be made to the District Court, but that Court was abolished by the Act of April 9, 1852, which took effect on the first day of May following. It could not therefore be returned to that Court after that time.

The report purports to have been made at the June term of the District Court of 1852. But the hearing of the parties was in the month of the previous March, and the heading of the report was probably made before the abolition of the District Court, and was intended to express the term, to which

the report should be returned, and not the time when it was in fact completed.

By the first section of the Act before mentioned, the entire jurisdiction of the District Court was transferred to this Court, and the report, if completed at the time when the May term of this Court was held, as it appears to have been, was properly presented at that term.

But if the report should be considered as not having been made till the June term of the District Court, that period would be within the time specified in the submission, "within one year from the ninth day of July, A. D. 1851," and by the second sect. of the same Act, all processes returnable at a term. of the District Court, which would have been holden next after the time when the Act before mentioned went into operation, if such Act had not been passed, were required to be entered at the next term of this Court following the abolished term of the District Court.   If then the report was returnable at the June term of the District Court, it could be legally entered at the October term following of this Court.   And it appears to have been accepted at the last named term.

A submission to referees under the statute, is one of the modes, which the law has provided for the decision of causes. Their report may be returned to Court, and become the basis of a judgment.   It is the substitute for a suit at law, and a process for the determination of controversies.   The Legislature has power to prescribe the course, which parties shall pursue in the trial of causes, and may change it at any time. Such legislation does not impair the contracts of the parties, but is intended to furnish the best mode for enforcing them. There can be no more objection to the changing of a court, to which a report is made returnable, than one to which a writ is required to be returned.   Both are cases of remedies, over which the Legislature has control.   It is true, that submissions arise from consent, but after the parties have entered into them, they may both become actors, and the proceedings are adversary, and are conducted in the manner prescribed by law. By the consent of those interested, several controversies are

investigated in one process. It is a trial of the rights of the parties, but not the less so because they have agreed upon the manner of commencing it, and have selected one of the ways, which the law permits them to follow.

By statute, c. 96, § 20, interest may be allowed in an action, from the time the verdict was returned, to the time of rendering judgment. But no provision appears to have been made for allowing interest upon reports of referees. In *Southard* v. *Smyth*, 19 Maine, 458, interest was claimed upon the sum awarded, in consequence of the delay arising upon the exceptions, but it was not allowed. The interest claimed in this case cannot therefore be allowed.

*Exceptions overruled.*

Howard, Rice and Hathaway, J. J., concurred.